EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Laquitta McKenzie<br>2928 Hunter Ridge Dr.<br>Apt.303<br>Birmingham, AL 35235 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2019-00572 | **BRENDA D. KNORR,**<br>Investigator | (205) 212-2070 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
**BRADLEY A. ANDERSON,**
District Director

**FEB 1 1 2019**
*(Date Mailed)*

Enclosures(s)

cc:    **NAVIGANT**
      c/o Josh Dalley
      150 North Riverside Plaza, Suite 2100
      Chicago, IL 60606

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>420-2019-00572 |
|---|---|---|

null _____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Laquitta Mckenzie | Home Phone<br>(256) 862-8772 | Year of Birth |
|---|---|---|

Street Address: 2928 Hunter Ridge Dr., Apt.303, City, State and ZIP Code: BIRMINGHAM, AL 35235

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>NAVIGANT | No. Employees, Members | Phone No.<br>(205) 731-9814 |
|---|---|---|

Street Address: 619 19th Street South, Birmingham, AL 35233

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-10-2018  Latest: 11-26-2018
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

CP Provided the following:

I am a disabled individual who is currently employed by the above named respondent(Navigant). On or about June 19, 2017, respondent(Navigant) hired me to work as a Patient Account Representative. I am able to perform all essential functions of my employment with and/or without reasonable accommodations. In or around 2014, I was diagnosed with ADHD, and respondent is aware of my disability. On January 10,2018, I emailed Jennifer inquiring about the incentive 'Spot Bonus'(Exhibit B) due to me being made aware by my Navigant coworker Kennethee Dunner that I may be eligible for Spot Bonus(Exhibit A). On January 11, 2018, I received an email from Holly Waldrop(Navigant CCMC Supervisor) stating that I had met the requirements for the quarter for an incentive in the amount of $150.00(Exhibit C). On January 12,2018, I was seen by my primary physician Dr. Roxanne Travelute who on this date adjusted my ADHD medication and wrote a request to respondent(Navigant) to allow reasonable accommodations due to the adjustment of my meds for a period of 6-12 months (Exhibit D). On January 17,2018 I faxed Navigant's accommodation request to fax #312-583-3701 with a received fax confirmation(Exhibit E). On January 18,2018, I emailed Sarah Heroldt(Navigant Human Capital) inquiring of accommodation request. Sarah cc'd Tina Burgett(Navigant Human Capital Manager) who responded through email that she has received my accommodation request and will schedule a meeting.(Exhibit F).On January 23,2018, I emailed Tina Burgett requesting accommodation meeting due to my concerns of productivity

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

[signature]

NOTARY - When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2019-00572 |
|---|---|---|

null and EEOC
*State or local Agency, if any*

status(Exhibit G). On January 24,2018, I attended a meeting with Holly Waldrop, Tina Burgett, and Joandra Crawford(CCMC & BlueCross manager) where I was first presented with adverse affects due to requesting of accommodations. Joandra stated that I will be granted accommodations with the exception of no option to 'Flex' or receive overtime. I stated in the meeting that I would need some time to think about my options and that I did not understand why the option of Flex would be taken away considering I have worked a flex schedule since I started and signed the UAB Centralized Business Office work schedule that gives the option to flex(Exhibit H).I had a brief meeting with Joandra and explained my disability. I explained that I strongly need accommodations due to my ADHD, and due to my recent adjustment of meds my body needed to adjust. I also explained that due to Navigant's computer system Metrix being a new system and constantly having computer issues with Metrix shutting down hours at a time, not prompting correct tasks/desks that is makes it difficult to reach productivity. There was never an interactive process to discuss different options available that would allow me the same benefits of overtime and flex schedule as my coworkers such as suggesting the accommodation options of billing secondary claims, creating a spreadsheet with accounts that have aged no latter than 90 days, or create a spreadsheet with account consisting of one payer including but not limited to Viva Health, United Health Care, or working paper claims etc which are all job functions that I have and can perform.Per Joandra, my only option was my initial request of completing 26 accounts per day with the exception of not working a 'Flex schedule or Overtime. I decided to continue my normal schedule and sent a confirmation email with all parties involved(Exhibit I). On January 27,2018, I attended and recorded via audio a CCMC Huddle meeting in which it was confirmed by myself as well as other CCMC coworkers of Metrix System having numerous technical issues which slows down productivity as well as other CCMC concerns that results in lower productivity. On February 28,2018, I received a call on my ext/icm-224 at 11:48 am from Holly Waldrop harassing me with concerns of my productivity. I followed up through email requesting for another accommodation meeting(Exhibit J). On March 1,2018, where I recorded via audio and attended along with Scott Gunther(Navigant Senior Vice President of BPM Management), Kemberly Blackledge(Operations Vice President ofCRCM Management), Holly Waldrop, Gail Brown, Patricia Williams, Tamara Zeigler and other Navigant/UAB employees a meeting with open discussion of major concerns with Navigant's Metrix System. During this meeting, myself as well as others who was mentioned was first made aware by employee Mary E. McMurray stating that Navigant will retaliate against their employees(this statement is clearly heard at the end of the recording). On March 2,2018, I received an email from Tina Burgett requesting to meet and discuss 'Spot Bonus'. I responded to this email on March 2,2018 and never received a response from Tina.(Exhibit K).On March 19,2018, Holly called my ext/ICM-224 harassing me about my productivity. I asked why was I constantly being harassed about my productivity when management is aware of needed accommodations and I informed Holly of knowing that Kennethee Dunner had not provided her productivity from March 1-13 and she was not being harassed about hers. On March 22,2018, I attended and recorded via audio of meeting with Holly and Schenita Fredrick(H-Boc Supervisor) to discuss concerns of productivity and me again requesting accommodations. On March 22,2018 Holly sent an email with Joandra Crawford and Schenita Frederick included, confirming adverse affects due to requesting accommodations(Exhibit L). On April 13,2018, I emailed Tina Burgett explaining major concerns of needing accommodations and Tina responded through email scheduling a meeting on April 18, 2018(Exhibit M). On April 16,2018, I attended and recorded via audio meeting with Holly Waldrop to discuss disciplinary actions concerning productivity where I was given various write ups for productivity and attendance. I signed and dated on April 16, 2018 all write ups for date issued April 10, 2018(Exhibit N).During this meeting, I also explained that my productivity should not be accounted for since I was requesting accommodations around that time. On or around this date, I was participating in a 'Protected Activity' with the EEOC case #420-2018-01481. On April 18,2018, I attended and recorded via audio meeting with Tina Burgett confirming that she is familiar with EEOC Reasonable Accommodations guidelines and Tina confirmed that the 'Flex Schedule' is a company courtesy and also in this particular meeting, it is clearly heard and recognized that Tina had no clue as to how to handle my situation. Tina displayed actions of being disoriented and her conversation was repetitive. On April 19,2018, myself as well as Kennethee Dunner, Tamara Zeiglar, Quenice Grady witnessed intimidating actions from Holly Waldrop, where upon my arrival for work, Holly stood over my desk and watched me work for 2hrs which was out of Holly's normal routine.I emailed Tina on this

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2019-00572 |

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

day with concerns of Holly's intimidating approach. I then attended a brief meeting with Tina where I recorded our discussion. During this recorded meeting on April 19,2018 it is confirmed that Tina belittled my complaints, stating that I was exaggerating, Tina pointed her fingers in my face with me requesting for her not to point in my face and to back up and give me my personal space. After this meeting, Tina followed up with an email confirming that Joandra had spoken with Holly concerning her actions towards the department(Exhibit O). On April 23,2018, I requested through email not to discuss CCMC concerns per my Psychiatrist Dr. Stein request due to the amount of stress it was causing. On or about April 26,2018, I was mandated to complete an Harassment Compliance test which I found it out of the norm because I had not reached a year of employment and compliance tests are not due. I asked coworker Enid Mitchell if she received the same email and verified that I was singled out after April 23, 2018 incident(Exhibit P) and received my first failing Q&A performance score around April 28,2018 which was after Navigant received notice of my charge for case #420-2018-01481. For the this particular Q&A for April, Holly included 'Training Accounts' which has never been included in my Q & A scores. I have requested to see and make a copy of Quenice Grady April Q & A and it is confirmed that she does not have 'Training Accounts' on April Q & A. I received a copy of April Q & A guidelines and there is no criteria for adding Training Review scores. Based on the evidence provided in 'Exhibit Q), Holly has never calculated Training Review in my previous Q &A(Exhibit Q). On May 2,2018, I attended and recorded the CCMC Huddle meeting where it was confirmed by Holly and Joandra that the option to 'Flex' was considered a privilege. I was not provided my signed copy agreement with option to 'Flex' but there is a copy of the agreement that I signed(Exhibit H). During this meeting on May 2,2018, it was also confirmed and recorded via audio that coworker Ashley Hall states that she has been receiving overtime, however overtime was taken from me. On May 9,2018, Tina emailed requesting details of accommodations and I responded informing Tina that I would provide the documentation by June 6, 2018. On or about June 16,2018, Dr. Gary Bullock placed me on FMLA due to stressful working conditions and Holly going against his recommendations of (Exhibit R). On or about September 12,2018, it was proven through my response statement that Navigant provided untrue statements concerning EEOC Case#420-2018-01481(Exhibit S). On September 12,2018, I returned to work off FMLA and attended a meeting with Holly Waldrop where I received a passing Q & A for the month of June with no Training Review(Exhibit T). During this meeting, Holly stated that I could start working a flex schedule, I would not receive a Q&A for the month of September or be accounted for September productivity. I was also told that As of August 1,2018 all my attendance points started over, however, the write ups stays in my file. On the Q & A for June, there were no 'Training Accounts' added(Exhibit T) and at this time Case #420-2018-01481 was still open leading me to believe that during this time Navigant was pacifying me until the case closed. On September 18,2018 EEOC closed case #420-2018-01481. On October 3,2018 I emailed Holly stating I would be leaving due to an emergent doctors appointment(Exhibit U). On October 16,2018, I attended and recorded via a meeting with Holly and Schenita to receive disciplinary actions for failing to properly communicate with Holly on October 3,2018. I asked Holly why was I receiving disciplinary actions when I followed the same protocol as I have always done and I informed her that I have emails of past conversations of leaving early and I did not receive disciplinary actions.(Exhibit V) I also have emails where Kennethee Dunner followed the same protocol and did not receive disciplinary actions(Exhibit V). On or around October 15,2018 Patria Williams left early due to an emergency and did not receive disciplinary actions. On October 23, 2018, I received another discipline action(Exhibit V). On October 24, 2018 Christopher Hackney(Navigant Senior Director of Patient Financial Services and is also the director over CCMC) pulled me to the side and singled me out from my coworkers requesting that I remove my hat. I followed up in an email explaining that this has never been told to me before and that two other colleagues by the names of Jasmine Jackson and Kaci Kittrells were not asked to remove their hats. Christopher Hackney walked around Blue Cross and CCMC department greeting all his employees. I witnessed Christopher speak to Jasmine and Kaci. I have pictures of the coworkers as well as the response email sent by Christopher stating he would follow up with HR to ensure all employees are aware. The following day October 25, 2018, Kaci wore her hat where I took a picture with my phone which leads me to believe I was the only one told to remove my hat(Exhibit W). On October 27,2018, I attended and recorded via audio the Q&A meeting for the month of October. During this recorded meeting I was presented with yet another failing Q&A that once again had Training Review added to my score. I asked Holly why is it that the

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2019-00572 |
|---|---|---|
| null | | and EEOC |
| *State or local Agency, if any* | | |

only time Ive ever received a failing Q&A was during the month of April(when I first filed and EEOC charge) and now the month of October(after the EEOC charge has closed). Holly states that she reviews accounts according if theyre brought to her attention by another staff or depends on the situation . I reviewed my Q&A and noticed some discrepancies for Account #065534271-8227. At the time when I worked this account on September 19,2018, there were notes in Metrix(Navigant computer system) dated on September 18,2018 where employee Carina Mondragon worked this account on September 18,2018. I reviewed her last notes which prompted my next action to take on the account. Unfortunately, as I go back to review the account, I noticed that Carina Mondragon notes were deleted in the Metrix system but was not deleted in the Health Quest(Exhibit X). Health Quest is the computer system that UAB utilizes. Any actions notated in the Metrix will transfer to health quest the following day.Regular employees such as myself have the ability to delete our own notes and tasks with the same day only. I also compared my Q&A with my coworker Quenice Grady and proved her Q&A for the month of October didnt not have any Training Review added to her score(Exhibit X).On October 31,2018 , I email Holly and Tina with concerns of my write ups and never received a response(Exhibit X). On November 14, 2018 I attended and recorded a meeting to discuss a disciplinary action for February, March, October, and failing score for October Q&A. I informed Holly that I was then seeking legal counsel from my attorney at the time and that I needed copies of my paper work. On November 9, 2018 Kennethee Dunner received and email informing her that she had qualified for 4th quarter incentive. The only way an employee can qualify for and incentive, is if he/she met productivity and passed Q&A. Kennethee did not meet the qualifications due to being out on FMLA. I dont find it being a coincidence, that after I spoke with Holly and informed her that I was seeking legal actions, upper management then made the decision on November 15,2018 to discipline Kennethee and give her a write up for not meeting productivity expectations. I believe this was a plan to cover the companys track due to my situation. I dont understand how Kennethee can receive a bonus for meeting productivity for the last three months when she was not working during that time, then turn around and write Kennethee up for the same reason the day after I stating Im seeking legal actions. Its clearly contradicting actions. Kennethee emailed Joandra asking for the protocol for disciplinary actions. Joandra responded with the guidelines attached in the email which shows that based on the CBO guidelines, my disciplinary actions were not done per protocol(Exhibit Y). On November 21, 2018 , I attended and recorded another disciplinary meeting where I was wrote up for attendance. I emailed Holly and Tina with my concerns(exhibit Z). Before I requested for reasonable accommodations, I had never been called in the office or received write ups. I have been recognized on more than one occasions for my work.(Exhibit A1).
Based on the foregoing, I believe I have been retaliated against due to my request for reasonable accommodations, in the violation of the Americans with Disability Act of 1990 (ADA). I also believe that Navigant has interfered and violated my right of section 707 of Title VII of the Civil Rights Act of 1964, by mandating a signed arbitration agreement which prohibits employees right to file charges of discrimination/ harassment disputes with government agencies and binds me to settle matters through an arbitrator only(Exhibit A2).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.